UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDDIE SOWELL SMITH, | Case No. 2:20-cv-00060-GMN-NJK |
| Plaintiff, | **ORDER** |
| v. | |
| SARIBAY, *et al*., | |
| Defendants. | |

Plaintiff, who was in the custody of the Clark County Detention Center (CCDC) when he initiated this matter,[1] submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, Docket No. 1-1, and an application to proceed *in forma pauperis*, Docket No. 4.

On January 20, 2021, the Court entered a Screening Order granting Plaintiff's application to proceed *in forma pauperis*. Docket No. 8. The Court also screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. *Id.* Section 1915A requires that, before docketing a complaint filed by an inmate, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. 1915A. Similarly, under the Prison Litigation Reform Act (PLRA), a federal court must dismiss, at any time, an incarcerated person's

---

[1] Plaintiff has notified the Court that he is no longer detained at CCDC but is now in custody at the Southern Desert Correction Center facility of the Nevada Department of Corrections (NDOC). Docket No. 7.

claim if the claim "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Pursuant to the Screening Order, the Clerk of the Court filed Plaintiff's complaint. Docket No. 9. The Court found in the Screening Order that Plaintiff had stated the following cognizable claims:

- Count 1 – Fourteenth Amendment Due Process – Inadequate Medical Care against Defendants Saribay and Martinez.
- Count 2 – Fourteenth Amendment Due Process – Disciplinary Segregation against Defendant Esugurra.
- Count 2 – First Amendment Free Exercise of Religion against Esugurra.
- Count 3 – Fourteenth Amendment Due Process – Disciplinary Segregation against Defendant A. Harris.

Docket No. 8 at 17-18.

The Court dismissed, without prejudice and with leave to amend, Plaintiff's Fourteenth Amendment Equal Protection claims and his First Amendment retaliation claim for failure to state a cognizable claim.[2] *Id*. at 18. The Court granted Plaintiff 30 days from the date the Screening Order was entered—that is, until Friday, February 19, 2021—to file an amended complaint curing the deficiencies of his complaint regarding the claims that were dismissed without prejudice. The Court notified Plaintiff that, if he did not file an amended complaint within that period, this matter would proceed immediately on the claims that have not been dismissed.

---

[2] The Court also dismissed with prejudice Plaintiff's Fourteenth Amendment Due Process claims concerning the grievance process and dismissed Defendant Doe CCDC Administrator with prejudice. Docket No. 8 at 18.

2

The period in which Plaintiff was granted leave to file an amended complaint has expired and Plaintiff has not filed an amended complaint.

Therefore,

THE Court **ORDERS** that the following claims of Plaintiff's complaint, Docket No. 9, will proceed immediately:

- Count 1 – Fourteenth Amendment Due Process – Inadequate Medical Care against Defendants Saribay and Martinez.
- Count 2 – Fourteenth Amendment Due Process – Disciplinary Segregation against Defendant Esugurra.
- Count 2 – First Amendment Free Exercise of Religion against Esugurra.
- Count 3 – Fourteenth Amendment Due Process – Disciplinary Segregation against Defendant A. Harris.

THE Court further **ORDERS** that the Clerk of Court will issue summonses for Defendants Correctional Officer Saribay, Correctional Officer Martinez, Correctional Officer Esugurra, and Correctional Officer A. Harris, and deliver the same, to the U.S. Marshal for service. The Clerk also will send sufficient copies of the complaint, Docket No. 9, and this order to the U.S. Marshal for service on Defendants.

THE Court further **ORDERS** that the Clerk will send **four** USM-285 forms to Plaintiff. Plaintiff will have thirty days within which to furnish the required USM-285 forms to the U.S. Marshal, with all relevant information as to each Defendant on each form.

THE Court further **ORDERS** that within twenty days after receiving a copy of the USM-285 forms from the U.S. Marshal showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendants were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved Defendant or Defendants, then a

3

1  motion must be filed with the Court identifying the unserved Defendant or Defendants and
2  specifying a more detailed name and address for said Defendants or Defendants, or whether some
3  other manner of service should be attempted.

4        THE COURT FURTHER **ORDERS** that Plaintiff will serve upon Defendants or, if an
5  appearance has been entered by counsel, upon their attorney or attorneys, a copy of every pleading,
6  motion or other document submitted for consideration by the Court.  If Plaintiff electronically files
7  a document with the Court's electronic-filing system, no certificate of service is required.  Fed. R.
8  Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1.  However, if Plaintiff mails the
9  document to the Court, Plaintiff shall include with the original document submitted for filing a
10 certificate stating the date that a true and correct copy of the document was mailed to the defendants
11 or counsel for the defendants.  If counsel has entered a notice of appearance, Plaintiff shall direct
12 service to the individual attorney named in the notice of appearance, at the physical or electronic
13 address stated therein.  The Court may disregard any document received by a district judge or
14 magistrate judge which has not been filed with the Clerk, and any document received by a district
15 judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when
16 required.

17       IT IS SO ORDERED.

18       DATED:  March 2, 2021.

                                                                    NANCY J. KOPPE
                                                                  UNITED STATES MAGISTRATE JUDGE