UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EDDIE SOWELL SMITH,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>SARIBAY, et al.,<br><br>　　　　Defendant(s). | Case No. 2:20-cv-00060-GMN-NJK<br><br>**Report and Recommendation**<br><br>[Docket Nos. 44, 46] |

Pending before the Court is an order for Plaintiff to show cause why this case should not be dismissed. Docket No. 46. Plaintiff did not respond. For the reasons discussed more fully below, the undersigned **RECOMMENDS** that the case be **DISMISSED**.[1]

## I.   BACKGROUND

On January 6, 2022, Defendants filed a motion to extend time. Docket No. 44. That motion indicates that defense counsel had attempted to contact Plaintiff by letter, but that some correspondence had been returned as undeliverable now that Plaintiff has been paroled. *Id.* at 3. Plaintiff did not respond to that motion. On January 25, 2022, the Court ordered Plaintiff to respond to that motion by February 1, 2022. Docket No. 45. Plaintiff did not comply with that order.

In light of that record, the Court identified three areas of concern: (1) that Plaintiff failed to comply with a Court order, Fed. R. Civ. P. 16(f); (2) that Plaintiff may have failed to update his contact information with the Court, Local Rule IA 3-1; and (3) that Plaintiff may have abandoned this case, Fed. R. Civ. P. 41(b). Docket No. 46. On February 17, 2022, the Court ordered Plaintiff to show cause in writing, no later than March 16, 2022, why this case not be dismissed. *Id.* The

---

[1] The Court also **ORDERS** that the motion to extend (Docket No. 44) is **DENIED** as moot.

1

Court warned that "**FAILURE TO RESPOND TO THIS ORDER TO SHOW CAUSE MAY RESULT IN A RECOMMENDATION THAT THE CASE BE DISMISSED**." *Id.* (emphasis in original). The order was returned as undeliverable, Docket No. 47, evidencing that Plaintiff has in fact failed to properly update his contact information. Plaintiff did not respond to the order to show cause and the deadline for doing so passed weeks ago.

## II.   STANDARDS

### A.   Failure to Comply with Court Order

Orders are not suggestions or recommendations, they are directives with which compliance is mandatory. *See, e.g.*, *Chapman v. Pacific Tel. & Tel. Co.*, 613 F.2d 193, 197 (9th Cir. 1979); *see also Weddell v. Stewart*, 261 P.3d 1080, 1085 & n.9 (Nev. 2011). Rule 16(f) of the Federal Rules of Civil Procedure provides for sanctions for failing to obey a "scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Rule 16(f) is "broadly remedial and its purpose is to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986) (*per curiam*). When a court determines that Rule 16(f) has been triggered, it has broad discretion in fashioning an appropriate sanction. *See, e.g.*, *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1397 (9th Cir. 1993). Violations of orders are "neither technical nor trivial," *Martin Family Trust v. Heco/Nostalgia Enters. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999), and can have severe ramifications. The range of sanctions include those authorized by Rule 37(b)(2)(A)(ii)-(vii), such as entry of case-dispositive sanctions. Fed. R. Civ. P. 16(f)(1).

### B.   Failure to Update Address

"A party, not the district court, bears the burden of keeping the court apprised of any changes in [her] mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (*per curiam*); *see also In re Hammer*, 940 F.2d 524, 526 (9th Cir. 1991). The local rules require that litigants promptly file written notification of any change of address, and the local rules expressly warn that failure to do so may result in case-dispositive sanctions. *See* Local Rule IA 3-1.

### C.   Failure to Prosecute Case

A plaintiff has a duty to prosecute his case. Fed. R. Civ. P. 41(b). Failure to comply with that obligation may result in an involuntary dismissal of the case. *Id.* The Court may dismiss a

case *sua sponte* on this basis given that the rule is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion of the Court's calendar. *Wolff v. Cal.*, 318 F.R.D. 627, 630 (C.D. Cal. 2016). In considering whether to dismiss an action for failure to prosecute, the court must weigh five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

### III.   ANALYSIS

The undersigned finds that dismissal is appropriate in the circumstances of this case. Plaintiff has disobeyed the local rules and the Court's orders, and has failed to advance the case in any fashion. This conduct is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Plaintiff has refused to comply with the order of this Court notwithstanding the warning that case-dispositive sanctions may be imposed. Moreover, the Court is unable to contact Plaintiff "to threaten him with some lesser sanction [because] [a]n order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." *Carey*, 856 F.2d at 1441.

In short, the case has come to an abrupt halt as it appears that Plaintiff has simply abandoned his case now that he has been paroled. Dismissal is appropriate.

### IV.   RECOMMENDATION

In light of the analysis above, the undersigned **RECOMMENDS** that this case be **DISMISSED**.

Dated: March 30, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

## **NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).