# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EDDIE SOWELL SMITH, | |
| Plaintiff, | Case No.: 2:20-cv-00060-GMN-NJK |
| vs. | |
| SARIBAY, *et al.*, | **ORDER** |
| Defendants. | |

Pending before the Court is Plaintiff Eddie Sowell Smith's ("Plaintiff") Motion to Continue, (ECF No. 53), which the Court construes as a Motion to Reopen the Case. Defendants Jerry Saribay, April Harris, Jovi Esguerra, and Julio Martinez ("Defendants") did not file a Response, and the time to do so has passed.

For the reasons discussed below, the Court **DENIES** Plaintiff's Motion to Reopen Case.

## I. BACKGROUND

This case arises from events that occurred while Plaintiff was housed at Clark County Detention Center ("CCDC"). Plaintiff submitted his Complaint on January 8, 2020, against Defendants. (Compl., ECF No. 1). The Court screened and filed the Complaint on January 20, 2021. (Screening Order, ECF Nos. 8, 9). Defendants Jerry Saribay and April Harris filed their Answer on April 12, 2021, (Saribay & Harris Answer, ECF No. 19), while Defendants Jovi Esguerra and Julio Martinez filed their Answer on May 7, 2021. (Esguerra & Martinez Answer, ECF No. 30).

///

///

1  The Court issued the initial Scheduling Order on April 13, 2021. (Scheduling Order, ECF No. 23). Defendants subsequently filed two Motions to Extend Discovery, (ECF Nos. 35, 40), which the Court granted. (Orders Granting Extension, ECF No. 36, 42). On January 6, 2022, Defendants next filed a third Motion to Extend Discovery, (ECF No. 44), but Plaintiff did not file a response. On January 25, 2021, the Court entered an Order, requiring "Plaintiff to file a response" to Defendants' third Motion to Extend Discovery "by February 1, 2022." (Order Setting Resp. Deadline 1:15–16, ECF 45). Plaintiff failed to file a response by the deadline, leading the Court to issue an Order to Show Cause, requiring Plaintiff "to show cause in writing, no later than March 16, 2022, why this case should not be dismissed." (Order Show Cause 1:23–24, ECF No. 46). The Court instructed Plaintiff that "[t]he filing of a response to the motion to extend and notice of change of address by that date will automatically discharge this order to show cause." (*Id*. 1:24–26). The Court warned Plaintiff that "**FAILURE TO RESPOND TO THIS ORDER TO SHOW CAUSE MAY RESULT IN A RECOMMENDATION THAT THE CASE BE DISMISSED**." (*Id*. 1:26–27).

Plaintiff neither filed a response nor notice of change of address, resulting in the Magistrate Judge issuing a Report and Recommendation ("R&R") on March 30, 2022, recommending this case be dismissed. (R&R 3:23–24, ECF No. 46). On June 27, 2022, the undersigned adopted in full the Magistrate Judge's Report and Recommendation, and Plaintiff's case was dismissed without prejudice. (*See generally* Order Adopting R&R, ECF No. 51). On March 23, 2023, nearly nine months after Judgment was entered and more than one year after the initial Order to Show Cause was issued, Plaintiff filed the instant Motion to Reopen the Case, (ECF No. 53), which the Court discusses below.

## II.  LEGAL STANDARD

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59 and 60. Rule 59(e) provides that any motion to

alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may, upon motion and just terms, "relieve a party . . . from a final judgment," on the ground that the "judgment is void[.]" Fed. R. Civ. P. 60(b)(4). A judgment is "void only if the court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or if the court acted in a manner inconsistent with due process of law." *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985). Additionally, under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000). Rule 60(b) relief should only be granted under "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777, 197 L. Ed. 2d 1 (2017).

### III.  DISCUSSION

At the outset, the Court finds Plaintiff's Motion untimely under Rule 59(e) but timely under Rule 60.[1] However, for the reasons set forth below Plaintiff does not meet the standard under Rule 60(b) to reopen his case.

---

[1] Plaintiff's case was dismissed without prejudice on June 27, 2022, and the instant Motion to Reopen the Case was filed 269 days later on March 23, 2023. (*See generally* Order Adopting R&R); (Mot. Reopen Case); *see Joe Hand Promotions, Inc. v. Rangee*, No. 2:13-cv-00939, 2013 WL 6859001, at *2 (E.D. Cal. Dec. 24, 2013) ("[B]ecause Plaintiff's motion is seeking reconsideration of an order dismissing this case without prejudice and

Here, Plaintiff explains that he was "unable to answer, due to health issues and could not provide a mailing address to[] to continue this action with the Court." (Mot. Reopen Case at 1). While the Court is sympathetic to Plaintiff's health conditions, his nearly nine-month delay in filing the instant motion is substantial, and his Motion does not otherwise explain "his failure to seek leave of court, either to request to stay this action pending his alleged health crisis[,]" or to grant him an extension to respond. *Williams v. Aceves*, No. 2:21-cv-0921, 2022 WL 17812810, at *2 (E.D. Cal. Dec. 19, 2022). Accordingly, because Plaintiff does not offer a legally justifiable basis to grant the relief he seeks, the Court denies Plaintiff's Motion to Reopen the Case

The Court advises Plaintiff that his Complaint was dismissed <u>without prejudice</u>. "As such, Plaintiff's case does not need to be reopened. Plaintiff can file new lawsuits raising the allegations in his Complaint . . . ." *Simpson v. Pierce Cnty. Jail*, No. 3:17-cv-05466, 2018 WL 4566059, at *2 (W.D. Wash. Sept. 24, 2018) (citing *Powell v. Smith*, No. 1:08-cv-1443, 2011 WL 4527412, at *2 (E.D. Cal. Sept. 28, 2011) (denying a prisoner plaintiff's motion to reopen under Rule 60 and noting the plaintiff did not need to reopen his case and could simply re-file the complaint because the case had been dismissed without prejudice).

///
///
///
///
///
///
///

---

the motion was filed more than twenty-eight days after the entry of that order, the Court will treat it as a Rule 60(b) motion.").

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reopen Case, (ECF No. 53), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff may not file any more documents in this closed case. If Plaintiff seeks to initiate a new lawsuit, he may submit to the Clerk of the Court a new complaint and either an application to proceed in forma pauperis or pay the full $402 filing fee for a civil action.

**IT IS FURTHER ORDERED** that the Clerk of the Court will send to Plaintiff the approved the approved form for filing a 42 U.S.C. § 1983 complaint and instructions, the approved form application to proceed *in forma pauperis* by an inmate and instructions, a one-time courtesy copy of this Order and attachments to Plaintiff at the address listed in his Motion to Reopen the Case, (ECF No. 53).

**DATED** this __8__ day of May, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT